**Sylvia DOMENECH FERNANDEZ, Plaintiff,**

v.

**DIVERSIFIED INFORMATION SYSTEMS CORP., Roxana Diaz Garcia and Jose Lema Abreu, the Latter Two in Their Official and Personal Capacities, Defendants.**

Civ. No. 88–1088 (JP).

United States District Court,
D. Puerto Rico.

April 21, 1991.

---

José R. Pérez Anzalota, Hato Rey, P.R., for plaintiff.

John F. Nevares, Saldaña, Rey, Morán & Alvarado, Santurce, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendants Diversified Information Systems Corp.'s (DISCORP), Roxana Díaz García's and José Lema Abreu's joint Motion for Summary Judgment with its later supplements (dockets No. 13, 17, and 21), and the plaintiff Sylvia Domenech Fernández's Opposition thereto with its later supplements (dockets No. 15, 18, 19, 23, and 29). Federal question jurisdiction is invoked pursuant to 42 U.S.C. § 1983.

The plaintiff was employed by defendant DISCORP from September 29, 1986, through August 17, 1987, as an Advertising Consultant Sales Representative. Defendant Roxana Díaz García was the DISCORP Direct Sales Manager and the plaintiff's immediate supervisor. Defendant José Lema Abreu was Vice President and General Manager of DISCORP.

The plaintiff alleges that she was terminated from her DISCORP employment, in retaliation for her oral communications regarding the DISCORP working conditions, in violation of the First, Fifth and Fourteenth Amendments. The defendants have moved for summary judgment based upon the premise that DISCORP is a private corporation whose personnel decisions do not constitute the requisite "state action" for 42 U.S.C. § 1983 claims. The plaintiff contends that because DISCORP is a joint venture corporation whose majority shares are held by a public corporation—the Puerto Rico Telephone Authority (PRTA), DISCORP's conduct and that of its employees Roxana Díaz García and José Lema Abreu, is actionable as activity of the government of Puerto Rico. The defendants' Motion for Summary Judgment must be granted for the following reasons.

## I. SUMMARY JUDGMENT—STANDARD OF REVIEW

A motion for summary judgment is appropriate when:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989); *see e.g., Medina–Muñoz v. R.J. Reynolds*, 896 F.2d 5 (1st Cir.1990). A "genuine" issue is one that is dispositive, and must therefore be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact is one which affects the outcome of the suit and must be resolved before attending to related legal issues. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d at 181.

Essentially, Rule 56(e) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Thus, the burden is first on the movant, to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. at 325, 106 S.Ct. at 2554. Thereafter, the burden shifts to the nonmovant to establish the existence of a genuine material issue. *Brennan v. Hendrigan*, 888 F.2d at 191. The nonmovant, however, cannot rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56. In the instant case, there does not exist a genuine issue of material fact which must be decided at trial, thus the defendants' dispositive motion must be

granted and judgment entered in favor of the defendants.

## II. THE STATE ACTION DOCTRINE

It is not disputed that a claim under 42 U.S.C. § 1983 requires state action. A defendant, as the statute provides, must have acted "under color of" state law. The requirement that the act for which suit is brought be done under color of state law is closely related to the requirement that "state action" be found in order to establish a violation of the Fourteenth Amendment. "State action" and "under color of" state law are usually treated as one and the same, although analytically there may be a difference. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 210, 90 S.Ct. 1598, 1630, 26 L.Ed.2d 142 (1970) (Brennan, J. concurring in part); *Lavoie v. Bigwood*, 457 F.2d 7, 15 (1st Cir.1972). "If the challenged conduct of respondents constitutes state action as delimited by our prior decisions, then that conduct was also action under color of state law and will support a suit under § 1983." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935, 102 S.Ct. 2744, 2752, 73 L.Ed.2d 482 (1982). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the state?" *Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982) (cite omitted).

Section 1983 direct state action applies to those "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961). When the § 1983 defendant is not a state or local official exercising the authority of the state, indirect state action liability will turn on two separate questions:

> the first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority. The second question is whether ... [defendants], who are private parties, may be appropriately characterized as "state actors".

*Lugar*, 457 U.S. at 939, 102 S.Ct. at 2755.

Indirect state action also occurs when a private person who is a willful participant in a joint activity with the state, is acting under color of state law. *Adickes*, 398 U.S. at 152, 90 S.Ct. at 1605–06. The economic association between a defendant and the state is not conclusive evidence that the defendant's conduct can be deemed state action. There must be a "symbiotic relationship"—a close nexus, between the defendant and the state. *Rendell–Baker v. Kohn*, 457 U.S. 830, 842, 102 S.Ct. 2764, 2772, 73 L.Ed.2d 418 (1982); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). A close nexus is often found when the defendant performs a traditionally public function. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Blum v. Yaretsky*, 457 U.S. 991, 1011, 102 S.Ct. 2777, 2789, 73 L.Ed.2d 534 (1982). In addition, the "state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that caused the injury." *Fletcher v. Rhode Island Hospital Trust National Bank*, 496 F.2d 927 (1st Cir.1974) *cert. denied* 419 U.S. 1001, 95 S.Ct. 320, 42 L.Ed.2d 277 (1974) (cite omitted).

The plaintiff contends that PRTA's simple involvement in the joint venture is equivalent to finding state action on DISCORP's part. Yet the First Circuit has stated that mere reliance upon such terms as "joint venture" or "symbiotic relationship" is inadequate support for a finding of state action. *Fletcher v. Rhode Island Hospital Trust National Bank*, 496 F.2d 927 (1st Cir.1974). "The question [of state action] is not, however, to be answered by slogans." Id.

## III. THE DISCORP JOINT VENTURE

In the instant case, PRTA and ITT World Directories, Inc. (ITT) formed the joint venture corporation of DISCORP for the purposes of developing and marketing new products and services in Puerto Rico,

the Caribbean and Latin America. PRTA owns 51% of DISCORP's capital stock, and ITT owns 49% of the capital stock. DISCORP's Board of Directors is composed of four directors designated by PRTA and three directors designated by ITT. PRTA formed the joint venture pursuant to its statutory authority to acquire stocks. 27 L.P.R.A. § 407(s) (1985). Thus DISCORP is not a state or local official directly exercising the state's authority and the Court must analyze whether DISCORP is a corporation with a sufficiently close nexus to the state which would convert their conduct into indirect state action.

Although PRTA is a public corporation which owns the majority of DISCORP's capital stock, the Joint Venture and Shareholders Agreement (Defendants' Motion for Summary Judgment Appendix 7, at 2 [hereinafter Appendix]) provides that ITT manage the Corporation. The Management Agreement between DISCORP and ITT (Appendix 5, at 2) provides that the actual Manager of DISCORP be ITT or its assignee. It is the Manager which has the responsibility for attending to DISCORP's financial matters. Appendix 5, at 3. Furthermore, DISCORP conducts activities as are recommended by management under the Management Agreement. Appendix 2, at 16. Nor does DISCORP receive subsidies from the government of Puerto Rico. Appendix 6, José Lema Abreu DISCORP General Manager Sworn Statement. Therefore, regardless of PRTA's larger percentage of DISCORP's capital stock, it is the private corporation not a party to this suit—ITT which appears to have a closer nexus with DISCORP. ITT's closer nexus with DISCORP is displayed by its management role in DISCORP. For example, in *Myron v. Consolidated Rail Corp.*, 752 F.2d 50, 54 (2d Cir.1985), Conrail's action in discharging an employee was not federal action [analytically comparable to state action], because the federal government had not insinuated itself into a position of interdependence by becoming involved in the "internal management processes" of Conrail so that the latter's personnel decisions could be considered federal action. The United States Railway Association owned 85% of Conrail's preferred stock and six of the thirteen Conrail board of directors were federal government representatives, yet Conrail was held to be a private enterprise because the federal directors responsibilities of operating Conrail at a profit for the benefit of its shareholders, were found not to be different from the responsibility of other directors. *Id.* at 55.

The plaintiff's reliance upon what it terms "the Puerto Rico Telephone cases", is misplaced because DISCORP does not fit the *Torres Ponce v. Jiménez*, 113 D.P.R. 58 (1982) description of a "public-private corporation" such as the Puerto Rico Telephone Company. *El Pueblo de Puerto Rico v. Hernández*, 90 J.T.S. 29 (1990), provides that the semi-private Puerto Rico Telephone Company is considered a public corporation because it was purchased with government funds *in order to achieve a purpose essential to the State,* and because the semi-private corporation had responsibilities inherent to a public corporation. An essential state purpose is absent in this case. DISCORP's business of developing and marketing new products and services in Puerto Rico, the Caribbean and Latin America is a common commercial enterprise in the mass media industry, and not a traditional function of the government which would lend greater support to the assertion that DISCORP has a close nexus to the state through PRTA. Appendix 2.

■ In order for the Court to make a finding of state action, the state must be involved with the activity which is alleged to have caused the injury. It is a question of whether the government exercised coercive power or provided such significant encouragement that the choice to fire the plaintiff must be deemed to be that of the government. *San Francisco Arts & Athletics v. Olympic Committee*, 483 U.S. 522, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987). In *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (no "symbiotic relationship" with the state discerned), the Court found that the discharge of teachers by a private school that re-

ceives public funds and has most of its students referred by public schools, was not state action under § 1983 because the discharge decisions were not compelled or even influenced by any state regulation. As the plaintiff in this case has not alleged that the profits earned by the § 1983 violations practiced at DISCORP were an indispensable element in the financial success of PRTA, a symbiotic relationship as described in *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), does not exist here. In the instant case, the plaintiff has failed to demonstrate the manner in which PRTA itself was involved in the termination of Sylvia Domenech Fernández. Thus no genuine issue of material fact exists as to the absence of state action in the conduct of defendant DISCORP and its employees Roxana Díaz García and José Lema Abreu.

### IV. CONCLUSION

Although a public corporation—PRTA, owns 51% of defendant DISCORP's capital stocks, there are no other factors which suggest a close nexus between DISCORP and the state. "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of [state action analysis]." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). "The test is one of interdependence and joint participation, rather than one of financial enrichment." *Rodríguez–García v. Dávila*, 904 F.2d 90, 98 (1st Cir.1990). Thus, PRTA's authority to acquire stocks pursuant to 27 L.P.R.A. § 407(s), does not in of itself convert the activities of any of its acquired corporations like DISCORP, into state action. Like the First Circuit, "[w]e decline to accept a distinction which could lead to finding state action in all forms of commercial enterprise open to the public [and owned by the state] and [sic] would totally eviscerate the state action doctrine." *Fletcher v. Rhode Island Hospital Trust National Bank*, 496 F.2d 927 (1st Cir.1974).

Wherefore, in view of the foregoing, the defendants' Motion for Summary Judgment is hereby GRANTED. Judgment shall be entered accordingly.